# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                                 **Case No. 05-CR-108**

**DANIEL GARRITY and**
**MITCHELL WILSON,**

        Defendants.

## ORDER ON GARRITY'S PRETRIAL MOTIONS

On April 12, 2005, the grand jury returned a two-count indictment against the defendants, Daniel Garrity ("Garrity") and Mitchell Wilson ("Wilson"). Count one alleges that both defendants knowingly distributed controlled a substance containing cocaine. Count two alleges that Garrity knowingly possessed a firearm in furtherance of the drug trafficking offense charged in count one.

On May 3, 2005, Garrity filed several pretrial motions: (1) a motion for pretrial determination on the admissibility of co-conspirator statements; (2) a motion for disclosure of impeaching information; (3) a motion for disclosure of all confidential informants; (4) a motion for notice of Rule 404(b) evidence; and (5) a motion to sever. The pleadings on Garrity's motions are now closed and they are ready for resolution. A jury trial is scheduled to commence before the Honorable Charles N. Clevert, Jr. on July 5, 2005, with a final pretrial conference set for June 22, 2005.

#### MOTION ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

Garrity filed a motion requesting that the government submit a proffer as to any co-conspirator statement that it intends to introduce at trial, pursuant to the hearsay exception set forth under Federal Rule of Evidence 801(d)(2)(E). In the alternative, Garrity requests a pretrial hearing, pursuant to United states v. Santiago, to determine the admissibility of any co-conspirator statement used at trial. 582 F.2d 1128 (7th Cir. 1978).

Under Santiago, co-conspirator statements are admissible only if the government proffers adequate evidence (1) that the conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statements were made during the course of and in furtherance of the conspiracy. 582 F.2d at 1134-35 (7th Cir. 1978); United States v. Johnson, 200 F.3d 529, 533 (7th Cir. 2000). The government acknowledges that it must establish the three elements required by Santiago, but argues that it should not be required to do so at this time. The government claims the court should determine the admissibility of the co-conspirator's statements at trial, where they may be viewed in light of the other evidence presented. (Gov. Resp. 7.). In addition, the government claims that the defendant's request for a Santiago proffer is premature because the government has not identified which, if any, of the co-conspirator's statements it will present at trial. (Id.).

It is the practice in this district to conditionally admit co-conspirator statements, subject to a final determination. (see e.g., United States v. Perez, Case No. 00-CR-116, jury trial (E.D. February 2002); United States v. Clayton, Case No. 01-CR-148, jury trial (E.D. May 2002)). Garrity offers no reason why the court should deviate from this standard practice in the present case. Accordingly, the court will deny Garrity's motion.

## Motion for Disclosure of Impeaching Information

In his motion for disclosure of impeaching information, Garrity requests that the government disclose materials and certain other information pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and the companion case of <u>Giglio v. United States</u>, 405 U.S. 150 (1972). The government's duty to disclose exculpatory evidence arises under <u>Brady</u> only where evidence is "favorable" to the defense and "material" to an issue in the trial. <u>United States v. Bastanipour</u>, 41 F.3d 1178, 1181 (7th Cir. 1994); <u>United States v. Earnest</u>, 129 F.3d 906, 910-11 (7th Cir.1997); <u>United States v. Gonzalez</u>, 93 F.3d 311, 315-16 (7th Cir.1996); <u>United States v. Agurs</u>, 427 U.S. 97, 104 (1976). Evidence is "favorable" if it "is either exculpatory in nature or tends to impeach a prosecution witness." <u>United States v. Reyes</u>, 270 F.3d 1158, 1167 (7th Cir.2001). Evidence is "material" if there is a reasonable probability that disclosure will change the result of the trial. <u>United States v. Williams</u>, 272 F.3d 845, 864 (7th Cir.2001).

In response to Garrity's motion, the government claims that it is aware of its ongoing obligation to provide exculpatory evidence and that it will provide such evidence if and when it becomes available. Garrity filed no reply to the government's response. Accordingly, Garrity's motion is moot and will be denied as such.

## Motion for Disclosure of the Confidential Informant

Garrity filed a motion for disclosure of the government's confidential informants and witnesses, thirty days prior to trial. In support of this motion, Garrity claims that pretrial disclosure of the informants' identities, together with relevant impeaching information, is necessary to adequately prepare his defense. (Garrity Br. 12.). Garrity claims that at least one informant will be a lead prosecution witness and that informants may have participated in the alleged offenses for which he

3

is charged. (Id.). Taking this claim one step further, Garrity asserts that he was entrapped by an informant and cannot properly develop an entrapment defense without investigating and interviewing the informant. (Id. 14.).

As a general rule, the government enjoys a limited privilege of withholding the identity of an informant. United States v. Bender, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials, by preserving the informant's anonymity. United States v. Jefferson, 252 F.3d 937, 940 (7th Cir. 2001). However, the government's privilege is not absolute. It may be overcome if the defendant establishes that the disclosure of the informant's identity is either relevant and helpful to his defense or essential to a fair determination of a cause. Id. at 941; Roviaro v. United States, 353 U.S. 53, 60-61 (1957); see United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62. Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could have assisted the defendant. United States v. Bender, 5 F.3d at 270. Thus, when the informant is a mere "tipster," rather than a participant or an eyewitness to the event in question, disclosure of the informant's identity will not be required. United States v. Andrus, 775 F.2d 825, 842 (7th Cir. 1985).

Ultimately, to determine whether the government is required to disclose the identity of an informant, the court must balance public interest in obtaining information necessary to apprehend

4

those who have committed crimes against the defendant's interest in fair trial. Andrus, 775 F.2d at 841; Jefferson, 252 F.3d at 940-41.

In the present case, the balance discussed in Andrus favors the government. The government claims that all testifying informants will be voluntarily disclosed to Garrity no later than three weeks prior to trial. The timing of this disclosure is reasonable. As to disclosure of non-testifying witnesses, the Seventh Circuit has stated:

> the fact that the informer was never called as a witness at trial means that the information provided the government was not relevant to the government's case nor would it have been helpful for impeachment purposes. In view of the information being irrelevant and/or damaging to Herrero's defense, we are convinced that Herrero's interest in disclosure of the informant's identity and the statements did not outweigh the 'public interest in protecting the flow of information' that underlies the informer's privilege.

United States v. Herrero, 893 F.2d 1512, 1526-27 (7th Cir. 1990). In regard to the particular concerns for an informant's safety, which must be balanced against the defendant's interests, the court reasoned that:

> [t]he public interest in non-disclosure is especially strong because the violent and clandestine nature of drug conspiracies results in serious danger, ofttimes even death, to a confidential informant if his cover is broken.

Id. at 1527.

The Herrero court's reasoning is persuasive, as Garrity is charged with carrying a firearm in furtherance of, and conducting, drug trafficking activities. Accordingly, this court is of the opinion that Garrity has not presented basis sufficient to overcome the presumption of privilege and will deny his motion for disclosure. To the extent that Garrity also seeks impeachment and other exculpatory evidence related to non-testifying informants, such information is unnecessary. As to testifying

5

informants, Garrity's motion will be denied as moot for reasons previously discussed in regard to Garrity's motion for impeaching information.

## MOTION FOR NOTICE OF RULE 404(B) EVIDENCE

Garrity has filed a motion for pre-trial notice of the government's intent to use "other crimes, wrongs, or acts" evidence at trial. Pursuant to Federal Rule of Evidence 404(b), Garrity's motion is not required; the defendant need only make a "request" to generate the government's notice obligation. The government indicates that generally provided notice required by Rule 404(b) no later than three weeks prior to trial. Accordingly, Garrity's motion will be denied as moot.

## MOTION TO SEVER

Garrity filed a motion to sever his trial from the trial of Wilson, the sole co-defendant, based on Federal Rule of Criminal Procedure 14. That Rule reads as follows:

> Rule 14. Relief from Prejudicial Joinder
>
> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
>
> (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

Garrity makes two arguments in support of his claim for severance. First, he argues that severance is necessary because much of the government's case will be based on evidence that Wilson was observed selling cocaine. According to Garrity, this evidence will create a "spill over" effect that is prejudicial in light of the fact that he, acting as a middleman, is less directly culpable than Wilson. (Garrity Br. 3.). Second, Garrity claims that prejudice is likely because Wilson gave a statement to

6

Case 2:05-cr-00108-PP    Filed 05/31/05    Page 6 of 10    Document 26

law enforcement officials that implicates Garrity. If the government uses Wilson's statement at trial, and Wilson does not testify, a Confrontation Clause violation will occur as to Garrity. Garrity seeks severance to avoid this possibility.

In considering a motion for severance, the court should give due deference to the strong public interest in having persons jointly indicted tried together. Mack v. Peters, 80 F.3d 230, 234 (7th Cir. 1996). Ultimately, the defendant has the burden of showing actual prejudice resulting from joinder, and it is not adequate to show merely that the defendant would have a better chance of acquittal if severance were granted. United States v. L'Allier, 838 F.2d 234, 241 (7th Cir. 1988); United States v. Abraham, 541 F.2d 1234, 1240 (7th Cir. 1976).

Pursuant to Federal Rules of Criminal Procedure 14, the Rule cited by Garrity, the court may grant severance based on prejudice to a defendant or to the government. However, severance is appropriate only if there is serious risk that joint trial would compromise a specific trial right of one of defendants or the jury would be unable to reach a reliable decision about the defendant's guilt or innocence. United States v. Rivera, 6 F.3d 431, 438 (7th Cir. 1993); United States v. Hughes, 310 F.3d 557, 563 (7th Cir. 2002).

Finally, as a matter of general policy, courts should construe the joinder rule broadly to allow joinder to enhance the judicial efficiency and to avoid expensive and duplicative trials. United States v. Freland, 141 F.3d 1223, 1226 (7th Cir. 2002). Deference for joint trials is appropriate because joint trials promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts," which are both vital to the criminal justice system. Zafiro v. United States, 506 U.S. 534, 537 (1993)(citing Richardson v. Marsh, 481 U.S. 200, 209-10 (1987)). In addition, joint

7

trials generally "provide[] the best perspective on the evidence as a whole" and thus "increase[] the likelihood of a correct outcome." United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir. 1987).

In the opinion of this court, severance is not required to prevent unfair prejudice in this case. The government claims that there is no disparity in the weight of the evidence. Rather, the government asserts that the evidence will present Wilson and Garrity as equally culpable, based on the fact that they were partners in a drug trafficking conspiracy. This claim is consistent with Garrity's statement that he allegedly acted as the "middleman" between Wilson and an informant. The court cannot conclude that one who acts as a middleman is any less culpable than one who physically transfers drugs to a buyer. In fact, count one charges Garrity with drug trafficking and with a violation of 18 U.S.C. § 2. Section 2 creates the same culpability for those who assist in the commission of an offense as those that commit an offense themselves. Thus, if Garrity is culpable solely because he helped Wilson sell cocaine, the best way for the jury to understand the charges is to try Garrity with the person he worked with. Indeed, it is well established that, where the indictment charges a conspiracy or a crime having a principal and aider-abettors, the rule is that persons jointly indicted should be tried together. United States v. Kahn, 381 F.2d 824, 838 (7th Cir. 1967). Furthermore, if Garrity acted as Wilson's middleman, the connection between the two could not be closer, leaving a significant likelihood of evidentiary overlap.

Moreover, in comparison to some multi-defendant trials, a joint trial of Garrity and Wilson appears relatively simple: there are only two defendants, the charges (contained in a two-paragraph indictment) are not complex, and Garrity indicates that much of the government's evidence against him consists of direct observations by law enforcement officials and the statements of an informant. All of these simplicities indicate that the jury at a joint trial will understand the evidence and will

8

properly consider it in regard to the defendant that it is intended to incriminate. The fact that the evidence against Wilson happens to consist of Wilson's actual possession of cocaine does not change this fact. For all of these reasons, Garrity has not demonstrated a significant risk of unfair prejudice do to a disparity in the evidence that would overcome the presumption in favor of a joint trial.

The court reaches the same conclusion in regard to Garrity's claim for severance based on a potential Confrontation Clause violation. Garrity asserts that Wilson's March 31, 2005 statement to law enforcement officials implicates him. However, Garrity has not submitted this statement for the court's review. This is problematic because proper redaction of an incriminating statement, combined with an instruction that restricts the jury's consideration of the statement to the declarant, will adequately address any risk of a Confrontation Clause violation. United States v. Sutton, 337 F.3d 792 (7th Cir. 2003); U.S. v. Souffront, 338 F.3d 809 (7th Cir. 2003); United States v. Hernandez, 330 F.3d 964, 973 (7th Cir. 2003); United States v. Brooks, 125 F.3d 484 501 (7th Cir. 1997). At this time, the court has no reason to believe that adequate redaction of Wilson's statement is not possible in the present case. Moreover, the government claims that Wilson is likely to testify at trial. (Gov. Resp. 8.). This too would alleviate any risk of a Confrontation Clause violation. Accordingly, the court will deny Garrity's motion to sever. However, in the event that Wilson does not testify and the government intends on introducing his statement, the government is required to furnish Garrity and the trial court with a proposed redaction of any statement by Wilson that incriminates Garrity. This should be done immediately prior to the pretrial conference.

For all of the reasons discussed herein, the court now enters the following order on Garrity's pretrial motions:

**IT IS THEREFORE ORDERED** that Garrity's motion for a pretrial determination on the admissibility of coconspirator statements is **denied**.

**IT IS FURTHER ORDERED** that Garrity's motion for disclosure of impeaching information is **denied.**

**IT IS FURTHER ORDERED** that Garrity's motion for disclosure of the identity of the government's confidential informants is **denied.**

**IT IS FURTHER ORDERED** that Garrity's motion for notice of evidence proffered under Federal Rule of Evidence 404(b) is **denied.**

**IT IS FURTHER ORDERED** that Garrity's motion to sever is **denied.**

**IT IS FURTHER ORDERED** that the government redact any statement made by Wilson that incriminates Garrity that the government intends to present at trial. Any such redacted statements shall be furnished to Garrity and to the trial court no later than **June 21, 2005.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this <u>31st</u> day of May, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge