UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 05-CR-108

DANIEL GARRITY,

        Defendant.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (Doc. # 75)

On February 16, 2006, the defendant, Daniel Garrity was sentenced to 262 months imprisonment following his conviction for distribution of more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851. At the sentencing hearing, Garrity was found to be a career offender pursuant to U.S.S.G. §4B1.1. The conviction and sentence was affirmed by the U.S. Court of Appeals for the Seventh Circuit.

On September 20, 2007, Garrity filed a motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence in this court were imposed in violation of the Constitution. This court denied Garrity's motion on December 29, 2008.

Recently, Garrity filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," which permits a court to reduce a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582 applies only when two conditions are met: "First, an amendment to the Sentencing Guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guideline range." *United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009). "All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed." *Id.*

In his motion, Garrity asserts his sentence may be adjusted pursuant to Amendment 599, which clarified the extent to which a sentencing court may impose a weapon adjustment for one offense where the defendant also has been convicted under 18 U.S.C. § 924(c). *See United States v. White*, 309 Fed. Appx. 7 (7th Cir. Jan. 29, 2009). In later correspondence to the court, Garrity invokes Amendment 706, which reduced the base offense levels for certain crack cocaine offenses.

For several reasons, Garrity's motion must be denied. Amendment 599 does not apply to Garrity's case because he was not convicted under 18 U.S.C. § 924(c),[1] and in any event, Amendment 599 was issued prior to the time Garrity was sentenced in this case. Further, Garrity is not entitled to relief under Amendments 599 or 706 because the guideline range applied to Garrity was established by his status as a career offender. *See Jackson*, 573 F.3d at 399-400 (affirming that the district court had no authority to modify a sentence under 18 U.S.C. § 3582(c)(2) because the defendant was sentenced as a career offender). In sum, 18 U.S.C. § 3582(c)(2) does not apply because Garrity's prison term was not based on a sentencing range subsequently lowered by the Sentencing Commission. Therefore,

IT IS ORDERED that Garrity's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 75) is denied.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

---

[1] Count Two of the Indictment charged Garrity with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), but that charge was dismissed after Garrity pled guilty to Count One and was sentenced.